## 17797. GULLATT v. CITY OF LAGRANGE.

LUKE, J. This is a suit to recover $200 deposited as a "cash bond" to guarantee the plaintiff's appearance as defendant at a specified term of the police court of the City of LaGrange, at which, on his failure to appear, the "bond" was marked "forfeited" to the city by the presiding judge of that court. The jury found in favor of the city, and the plaintiff excepted to the refusal to grant him a new trial. *Held:*

1. Not only did the evidence adduced at the trial fail to sustain the allegations of the petition, but there was evidence from which it could reasonably have been concluded that the plaintiff at his own instance and request made the said deposit instead of giving an ordinary bond, with full knowledge that his money would be forfeited if he did not appear, and with the statement that he "damn sure wouldn't be there."

2. None of the grounds of the motion for a new trial require another hearing of the case.

　　　　*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

　　　　　　　DECIDED MARCH 8, 1927.

Complaint; from city court of LaGrange—Judge Tuggle. October 25, 1926.

*Duke Davis,* for plaintiff.　*L. B. Wyatt,* for defendant.

Bail, 6 C. J. p. 1025, n. 64 New.

---

## 17798. ARNOLD v. THE STATE.

BROYLES, C. J. The evidence connecting the accused with the offense charged was wholly circumstantial, and, therefore, the failure of the trial judge to instruct the jury upon the law of circumstantial evidence was reversible error.

　　　　*Judgment reversed. Luke and Bloodworth, JJ., concur.*

　　　　　　　DECIDED MARCH 8, 1927.

Possessing intoxicating liquor; from Terrell superior court— Judge Yeomans. November 20, 1926.

*H. A. Wilkinson,* for plaintiff in error.

`B. T. Castellow, solicitor-general, R. R. Arnold, E. C. Hill,* contra.

Criminal Law, 16 C. J. p. 1008, n. 4; 17 C. J. p. 352, n. 48.